PEOPLE v BRZEZINSKI

Docket No. 225395. Submitted October 10, 2000, at Marquette. Decided
December 1, 2000, at 9:10 A.M.

John F. Brzezinski was charged in the Menominee Circuit Court with
arson of a dwelling house and second-degree home invasion. The
court, John D. Payant, J., granted the defendant's motion to sup-
press physical evidence discovered during a search of the defen-
dant without a warrant after police officers found the defendant
unconscious in the back seat of a vehicle near the scene of a suspi-
cious fire. The defendant matched the description of a man seen
leaving the scene of the fire who seemed to be disoriented and
injured. The prosecution appealed by leave granted from the order
granting the motion.

The Court of Appeals *held*:

1. The court properly found that the "emergency aid" exception
to the warrant requirement justified the officers' entry into the
vehicle in response to the perceived need to render aid or assis-
tance to the defendant. The court did not clearly err in finding that
soon after entering the vehicle, the officers' acts ceased to be
directed toward the defendant's medical state and instead focused
on identifying the defendant and that the extent of the officers'
search exceeded what was required in the situation.

2. The evidence seized from the defendant without a warrant
may nevertheless be admissible under the inevitable discovery
exception to the warrant requirement. The suppression order must
be vacated and the matter must be remanded for consideration in
light of the inevitable discovery rule.

Vacated and remanded.     .

1. SEARCHES AND SEIZURES — WITHOUT WARRANTS — EMERGENCY MEDICAL AID.

The "emergency aid" exception to the search warrant requirement
allows police officers to make an entry or search without a warrant
where they reasonably believe it is necessary to assist a person
who may be in serious need of medical aid; the entry must be lim-
ited to the justification given, the officers' primary motivation must
be the perceived need to render aid or assistance, and the officers
may not do more than is reasonably necessary to determine

whether a person is in need of assistance and to provide that assistance.

2. SEARCHES AND SEIZURES — WITHOUT WARRANTS — EXCLUSIONARY RULE — INEVITABLE DISCOVERY EXCEPTION.

Evidence obtained in violation of the constitution may still be admitted at trial where the prosecution establishes by a preponderance of the evidence that the evidence ultimately or inevitably would have been discovered by lawful, constitutionally accepted means; the concerns to be addressed in applying the inevitable discovery rule are whether the legal means are truly independent, whether both the use of the legal means and the discovery by that means are truly inevitable, and whether the application of the inevitable discovery exception either provides an incentive for police misconduct or significantly weakens Fourth Amendment protections.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Daniel E. Hass*, Prosecuting Attorney, for the people.

*Law Office of Jonathan P. Barstow, P.C.* (by *Dale J. Anderson*), for the defendant.

Before: GRIBBS, P.J., and KELLY and HOEKSTRA, JJ.

KELLY, J. The prosecutor appeals by leave granted the trial court's order granting defendant's motion to suppress physical evidence discovered during a search of the defendant. We vacate the order and for further proceedings.

Defendant moved to suppress evidence found by state troopers when they searched him after they found him unconscious in the back seat of a vehicle near the scene of a suspicious fire. Defendant matched the description of a man seen leaving the scene of the fire who seemed to be disoriented and injured. The prosecutor argued that although the search had been done without a warrant, it fell under the "emergency aid" exception to the warrant requirement because defendant was not responding to the

troopers' attempts to rouse him and that their search for defendant's identification was necessary to help them in rendering medical assistance to defendant.

A lower court's factual findings in a suppression hearing are reviewed for clear error and will be affirmed unless the reviewing court has a definite and firm conviction that a mistake has been made. *People v Cheatham*, 453 Mich 1, 29-30, 44; 551 NW2d 355 (1996).

The right against unreasonable searches and seizures is guaranteed by both the state and federal constitutions. US Const, Am IV; Const 1963, art 1, § 11. The constitutions do not forbid all searches and seizures, only unreasonable ones. *Harris v United States*, 331 US 145, 150; 67 S Ct 1098; 91 L Ed 1399 (1947). Reasonableness depends on the facts and circumstances of each case. *Cady v Dombrowski*, 413 US 433, 440; 93 S Ct 2523; 37 L Ed 2d 706 (1973). Generally, a search conducted without a warrant is unreasonable unless there exists both probable cause and exigent circumstances establishing an exception to the warrant requirement. *In re Forfeiture of $176,598*, 443 Mich 261, 265; 505 NW2d 201 (1993); *People v Jordan*, 187 Mich App 582, 586; 468 NW2d 294 (1991). Probable cause to search exists when facts and circumstances warrant a reasonably prudent person to believe that a crime has been committed and that the evidence sought will be found in a stated place. Whether probable cause exists depends on the information known to the officers at the time of the search. *Id.*, 586-587. Among the recognized exceptions to the warrant requirement are exigent circumstance, searches incident to a lawful arrest, stop and frisk, consent, and plain view. *In re Forfeiture of*

*$176,598, supra,* 266; *Jordan, supra,* 587.[1] Each of these exceptions, while not requiring a warrant, still requires reasonableness and probable cause. *Id.* However, probable cause to search is not required in two exceptions, the "emergency aid" exception and the "community caretaker" exception. *People v Davis,* 442 Mich 1, 13, 22; 497 NW2d 910 (1993).

The "emergency aid" exception allows police officers to make an entry or search without a warrant where they reasonably believe it is necessary to assist a person who may be in serious need of medical aid. *Id.,* 20; *City of Troy v Ohlinger,* 438 Mich 477, 483-484; 475 NW2d 54 (1991). However, the entry must be limited to the justification given, and the officer must be motivated primarily by the perceived need to render aid or assistance. *Id.,* 484. The officer may not do more than is reasonably necessary to determine whether a person is in need of assistance and to provide that assistance. *Id.*

In this case, the trial court held that the troopers were justified under the "emergency aid" exception to enter the vehicle. They had received a report about a man acting disoriented and possibly injured, and they found defendant, who matched the description given in the report, asleep or unconscious on the back seat of a parked vehicle. They could not awaken him or assess his medical condition from outside the vehicle.

---

[1] The introduction into evidence of materials seized and observations made during an unlawful search is prohibited by the exclusionary rule. *Weeks v United States,* 232 US 383; 34 S Ct 341; 58 L Ed 652 (1914), overruled on other grounds in *Elkins v United States,* 364 US 206; 80 S Ct 1437; 4 L Ed 2d 1669 (1960). The rule also prohibits the introduction of materials and testimony that are the products or indirect results of an illegal search, the so-called "fruit of the poisonous tree." *Wong Sun v United States,* 371 US 471, 488; 83 S Ct 407; 9 L Ed 2d 441 (1963).

However, soon after entering the vehicle, their acts ceased to be directed toward defendant's medical state and instead focused on identifying him. The trial court determined that the desire to know defendant's identity was the reason the troopers were looking for identification, not to help them in giving medical assistance. Both troopers admitted that there would have been nothing on a driver's license that would enable them to give defendant medical assistance. The court specifically reasoned that the entry into the car was justified but that there was no medical need to identify defendant and that the extent of the troopers' search exceeded what was required in the situation. The trial court's findings do not appear to be clearly erroneous. However, this conclusion does not necessarily require that the evidence obtained as a result of the search without a warrant be excluded. In this case, it appears that evidence seized from defendant without a warrant may nevertheless be admissible under the inevitable discovery exception.

The inevitable discovery rule was recognized by the United States Supreme Court in *Nix v Williams*, 467 US 431; 104 S Ct 2501; 81 L Ed 2d 377 (1984). In *Nix*, the Court held that evidence obtained in violation of the constitution could still be admitted at trial if the prosecution established by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means. *Id.*, 444; *People v Stevens (After Remand)*, 460 Mich 626, 637; 597 NW2d 53 (1999). The purpose of the inevitable discovery doctrine is to block setting aside convictions that would have been obtained without police misconduct. *Nix, supra*, 443, n 4. If the evidence would have been inevitably obtained, then

there is no rational basis for excluding the evidence from the jury. *Stevens, supra,* 637. "In fact, suppression of the evidence would undermine the adversary system by putting the prosecution in a worse position than it would have been in had there been no police misconduct." *Id.* The inevitable discovery doctrine is recognized in Michigan and may justify the admission of otherwise tainted evidence that ultimately would have been obtained in a constitutionally accepted manner. *Id.*; *People v Kroll,* 179 Mich App 423, 429; 446 NW2d 317 (1989).

The Court in *Stevens, supra,* 638, noted that the United States Court of Appeals for the First Circuit set forth the following factors in applying the inevitable discovery doctrine:

> "[T]here are three basic concerns which surface in an inevitable discovery analysis: are the legal means truly independent; are both the use of the legal means and the discovery by that means truly inevitable; and does the application of the inevitable discovery exception either provide an incentive for police misconduct or significantly weaken fourth amendment protection? [*United States v Silvestri,* 787 F2d 736, 744 (CA 1, 1986).]"

Although not clear from the record provided to this Court, and not raised or decided below, the inevitable discovery rule may apply to this case. For example, in light of the eyewitness description of the man seen leaving the area of the fire, a description that matched defendant, it appears that the police may have had probable cause to obtain a warrant for the search. If there was probable cause for the issuance of a warrant, the incriminating evidence found in defendant's pockets would have been discovered anyway, in spite of any police misconduct. See, e.g., *State*

*v Lay*, 896 SW2d 693 (Mo App, 1995); *State v Irby*, 632 So 2d 801 (La App, 1994); *People v Alvarado*, 268 Ill App 3d 459; 644 NE2d 783 (1994). Alternatively, in light of all the circumstances surrounding this incident, including the eyewitness description of the alleged perpetrator, a description that matched defendant, defendant's appearance on the scene may have been sufficiently suspicious to entitle the officers, under *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), to conduct a pat-down search. The discovery of the evidence may have been inevitable during a proper pat-down search. See, e.g., *United States v Jackson*, 901 F2d 83 (CA 7, 1990); *Miller v State*, 667 SW2d 773 (Tex Crim App, 1984).

Because it appears from the record before us that the evidence in defendant's pockets may have been discovered despite any police misconduct, we vacate the suppression order and remand for consideration of this matter in light of the inevitable discovery rule. The prosecution shall be given the opportunity to establish that the evidence defendant claims should be suppressed would have been discovered despite any police misconduct. However, if the lower court determines that the evidence would not have been inevitably discovered, then the evidence must be suppressed. *People v Spencer*, 154 Mich App 6, 18-19; 397 NW2d 525 (1986).

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.