# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEFFREY MATTHEW LEMIEUX,

        Defendant-Appellant.

UNPUBLISHED
April 14, 2016

No. 324417
Wayne Circuit Court
LC No. 13-011605-FH

Before: O'CONNELL, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Defendant, Jeffrey Matthew Lemieux, appeals as of right his conviction, following a bench trial, of resisting or obstructing a police officer, MCL 750.81d. The trial court sentenced Lemieux to serve two years' probation. We affirm.

## I. FACTUAL BACKGROUND

According to Taylor Police Officer Dominic Diggs-Taylor, he responded to a domestic violence call at Lemieux's residence. The caller reported that an elderly woman had been assaulted in the home by her daughter's boyfriend. When Officer Diggs-Taylor knocked on the door, Lemieux answered and stated that nothing was going on. Officer Diggs-Taylor heard a woman yell something from inside the house, and Lemieux attempted to go back inside.

Officer Diggs-Taylor's partner, Officer Joe Thiverage, grabbed Lemieux's arm before he could close the door. Officer Thiverage explained that, because they were on the scene for a domestic violence report and heard a woman yelling, he needed to confirm that everyone in the home was safe. Officer Diggs-Taylor testified that he was concerned that someone in the house was being assaulted. Lemieux jerked away and ran into the house. The officers followed, and Lemieux refused to put his hands up, began thrashing when the officers grabbed him, and struck Officer Diggs-Taylor.

According to Jennifer Rager, Lemieux's girlfriend, when Lemieux answered the door, the police asked him to go outside and Lemieux asked them to leave. Rager said that Lemieux stated that he would put on his shoes and speak to the officers, but when Lemieux turned to grab his shoes, police officers tackled him. Lemieux's testimony was consistent with Rager's.

-1-

In summarizing its findings, the trial court stated that it did not find Rager or Lemieux's accounts credible. It found that there was sufficient evidence to find Lemieux guilty of resisting or assaulting a police officer.

## II. STANDARD OF REVIEW

This Court reviews de novo a challenge to the sufficiency of the evidence following a bench trial. *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). We review the evidence "in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proved beyond a reasonable doubt." *Id*. This Court defers to the trier of fact's determinations regarding the weight of the evidence and the credibility of the witnesses. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

## III. ANALYSIS

Lemieux contends that the trial court erred by finding that the police officers' arrest was lawful and, therefore, that he did not have a right to resist that arrest. We disagree.

MCL 750.81d(1) provides in part that a person who " . . . obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony . . . ." The elements of resisting or obstructing are that

> (1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties. [*People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010).]

However, MCL 750.81d(1) does not abrogate a defendant's common-law right to resist an unlawful arrest. *People v Moreno*, 491 Mich 38, 52; 814 NW2d 624 (2012). A defendant may only be convicted of resisting or obstructing if the prosecution establishes, as an element of the crime, that the officers' actions were lawful. *Id*. at 51-52. The lawfulness of the officers' actions is a question of fact for the jury. *People v Quinn*, 305 Mich App 484, 494; 853 NW2d 383 (2014).

The United States and Michigan constitutions both guarantee the right of persons to be secure against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. "In order to show that a search was legal, the police must show either that they had a warrant or that their conduct fell under one of the narrow, specific exceptions to the warrant requirement." *People v Eaton*, 241 Mich App 459, 461; 617 NW2d 363 (2000).

Neither a warrant nor probable cause to search are required under the emergency aid exception. *People v Brzezinski*, 243 Mich App 431, 434; 622 NW2d 528 (2000). "[R]endering aid to persons in distress is one of the community caretaking functions of the police." *People v Davis*, 442 Mich 1, 23; 497 NW2d 910 (1993). The emergency aid exception applies when a police officer reasonably believes that it is necessary to enter a home to assist a person who needs immediate aid. *Id*. at 25. The officer "must possess specific and articulable facts" that

-2-

lead them to believe that "a person within is in need of immediate aid." *Id*. at 25-26. The officer may not do more than is reasonably necessary to determine whether a person is in need of assistance and provide that assistance. *Id.* at 26.

In this case, Officer Diggs-Taylor articulated specific facts that led him to believe that a person inside the home was in need of immediate aid—a woman had previously called to report that an elderly woman was being domestically assaulted inside the home, and while at the front door, he heard a woman yell something inside the home. Officer Diggs-Taylor and Officer Thiverage both explained that the circumstances led them to believe that there was a woman who needed assistance inside and they needed to investigate. We conclude that the evidence was sufficient to support the trial court's finding that the officers' entry into Lemieux's home was lawful under the emergency aid exception to the warrant requirement. Accordingly, Lemieux had no right to resist the officers in their performance of their duties.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Colleen A. O'Brien