# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DANNIE BEAL III,

      Defendant-Appellant.

UNPUBLISHED
November 1, 2016

No. 326981
Wayne Circuit Court
LC No. 14-010716-FH

Before: GADOLA, P.J., and WILDER and METER, JJ.

PER CURIAM.

Defendant, Dannie Beal III,[1] was convicted by a jury of possession with intent to deliver less than 50 grams of a mixture containing cocaine (possession-with-intent-to-deliver), MCL 333.7401(2)(a)(iv); felon in possession of a firearm (felon-in-possession), MCL 750.224f; carrying a concealed weapon (CCW), MCL 750.227; and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 3 to 40 years' imprisonment for his possession-with-intent-to-deliver conviction, two to five years' imprisonment for his felon-in-possession conviction, two to five years' imprisonment for his CCW conviction, and five years' imprisonment, with credit for 25 days served, for his felony-firearm conviction. The trial court ordered that the felony-firearm sentence be served before and consecutively to the possession-with-intent-to-deliver, felon-in-possession, and CCW sentences, which were ordered to be concurrent with each other. Defendant now appeals as of right. We remand to the trial court to amend the judgment of sentence to reflect that defendant's CCW sentence is concurrent with his felony-firearm sentence. We affirm in all other respects.

Defendant first argues that the trial court erred by denying his motion to suppress the evidence obtained from the search warrant. We disagree.

Defendant preserved this issue for appeal by moving the trial court to quash the search warrant on the same grounds raised on appeal. See *People v Metamora Water Serv, Inc*, 276

---

[1] Defendant is also referred to as Dannie Beal II in various places throughout the record. His official name appears to be Dannie Beal III, at least for purposes of the instant court proceedings.

Mich App 376, 382; 741 NW2d 61 (2007). "We review de novo a trial court's ultimate determination on a motion to suppress and its factual findings for clear error." *People v Mullen*, 282 Mich App 14, 21; 762 NW2d 170, 174 (2008) (citations omitted). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*. at 22 (quotation marks and citation omitted).

The Fourth Amendment of the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. [US Const, Am IV; see also Const 1963, art 1, § 11.]

"Probable cause to issue a search warrant exists where there is a 'substantial basis' for inferring a 'fair probability' that contraband or evidence of a crime will be found in a particular place." *People v Kazmierczak*, 461 Mich 411, 417-418; 605 NW2d 667 (2000) (citation omitted). "Probable cause does not require certainty." *Mullen*, 282 Mich App at 27 (quotation marks and citations omitted). Instead, there is probable cause to search " 'when facts and circumstances warrant a reasonably prudent person to believe that a crime has been committed and that the evidence sought will be found in a stated place.' " *Id*., quoting *People v Brzezinski*, 243 Mich App 431, 433; 622 NW2d 528 (2000).

"A defendant has the right to challenge the truthfulness of an affidavit's factual statements . . . ." *People v Waclawski*, 286 Mich App 634, 701; 780 NW2d 321 (2009). However, "[t]he defendant has the burden of showing, by a preponderance of the evidence, that the affiant knowingly and intentionally, or with a reckless disregard for the truth, inserted false material into the affidavit and that the false material was necessary to the finding of probable cause." *Id*. As the United States Supreme Court stated:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the

defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue. [*Franks v Delaware*, 438 US 154, 171-172; 98 S Ct 2674; 57 L Ed 2d 667 (1978).]

Review of a trial court's determinations on witness credibility at a suppression hearing is deferential:

"This Court will not disturb a trial court's ruling at a suppression hearing unless that ruling is found to be clearly erroneous. Resolution of facts about which there is conflicting testimony is a decision to be made initially by the trial court. The trial judge's resolution of a factual issue is entitled to deference. This is particularly true where a factual issue involves the credibility of the witnesses whose testimony is in conflict." [*People v Geno*, 261 Mich App 624, 629; 683 NW2d 687 (2004), quoting *People v Burrell*, 417 Mich 439, 448; 339 NW2d 403 (1983).]

Here, the trial court concluded that the affidavit for the search warrant was valid because it credited Officer Ray Berry's testimony and found that defendant's conflicting testimony was not credible and "sounded false." The trial court's finding is entitled to deference on appellate review. See *Geno*, 261 Mich App at 629. Officer Berry testified that he had an unobstructed view of the transactions occurring at the side door of the house for which the search warrant was obtained and that he recovered a substance that tested positive for cocaine from one of the individuals he saw engage in one of these transactions with defendant. The fact that Officer Berry did not describe in the affidavit whether he observed particular transactions from his vehicle or while on foot does not diminish the fact that he witnessed the transactions; that detail does not affect whether a reasonably prudent person would believe that a crime had been committed and that the evidence sought would be found in a stated place. *Mullen*, 282 Mich App at 27. Certainty is not required to establish probable cause. *Id*. There is insufficient evidence on this record that could lead to the definite and firm conviction that the trial court made a mistake by crediting Officer Berry's testimony. See *id*. at 22. Consequently, it was not clearly erroneous for the trial court to find that defendant failed to meet his burden of demonstrating that "the affiant knowingly and intentionally, or with a reckless disregard for the truth, inserted false material into the affidavit and that the false material was necessary to the finding of probable cause." See *Waclawski*, 286 Mich App at 701; see also *Mullen*, 282 Mich App at 22. Considering the facts and circumstances included in the affidavit, a reasonably prudent person would be justified in believing that defendant was selling illegal narcotics from the house and that evidence of such criminal activity would be found inside. See *Mullen*, 282 Mich App at 27. Therefore, the trial court did not err by denying defendant's motion to quash the search warrant and suppress the evidence obtained from the search. *Id*. at 21.

Next, defendant argues that the trial court erred by ordering his CCW sentence to be served consecutively to his felony-firearm sentence rather than ordering the two sentences to be served concurrently, because such a consecutive sentence is not authorized by statute. We agree.

"To preserve a sentencing issue for appeal, a defendant must raise the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the [C]ourt of

[A]ppeals." *People v Clark*, ___ Mich App ___, ___; ___ NW2d ___ (2016); slip op at 2-3 (quotation marks and citations omitted). Here, defendant did not preserve this issue because he did not raise it in the trial court and did not move this Court for a remand. See *id*. Therefore, our review is for plain error affecting substantial rights. See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). On plain-error review, the defendant has the burden to establish (1) "error"; (2) that was "plain," meaning "clear or obvious"; and (3) prejudice, meaning "that the error affected the outcome of the lower court proceedings." *Id*. at 763. If all three requirements are met, then we may decide to reverse, but reversal is only justified when the defendant is actually innocent or the error significantly impacted "the fairness, integrity, or public reputation of judicial proceedings . . . ." *Id*. (quotation marks and citation omitted).

"It is well settled in Michigan that in the absence of statutory authority the imposition of consecutive sentences is forbidden." *People v Chambers*, 430 Mich 217, 222; 421 NW2d 903 (1988). The felony-firearm statute, MCL 750.227b, provides, in relevant part:

> (1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, 227, 227a, or 230, is guilty of a felony and shall be punished by imprisonment for 2 years. Upon a second conviction under this subsection, the person shall be punished by imprisonment for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be punished by imprisonment for 10 years.
>
> * * *
>
> (3) A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

"From the plain language of the felony-firearm statute, it is evident that the Legislature intended that a felony-firearm sentence be consecutive only to the sentence for a specific underlying felony." *People v Clark*, 463 Mich 459, 463; 619 NW2d 538 (2000). "No language in the statute permits consecutive sentencing with convictions other than the predicate offense." *Id*. at 464. The felony of CCW, codified in MCL 750.227, cannot be the underlying felony for a felony-firearm conviction because it is one of the four offenses specifically exempted from being a predicate felony for a felony-firearm conviction. See *People v Mitchell*, 456 Mich 693, 696, 698; 575 NW2d 283 (1998). Related to the specific issue defendant raises in the instant case, this Court has previously explained:

> Under MCL 750.227b(1); MSA 28.424(2)(1), a defendant is not guilty of felony-firearm if the underlying felony is the carrying of a concealed weapon. Although the presence of a second underlying felony allows defendant's felony-firearm conviction to stand, it follows that the felony-firearm sentence may run consecutively only to that second underlying felony. [*People v Cortez*, 206 Mich App 204, 207; 520 NW2d 693 (1994) (citation omitted).]

-4-

In other words, "[b]ecause there is no statute mandating that a sentence for a CCW conviction run consecutively to a sentence for a felony-firearm conviction, the sentence should run concurrently." *People v McCrady*, 213 Mich App 474, 486; 540 NW2d 718, 724 (1995).

Here, defendant has shown that the trial court plainly erred by ordering his felony-firearm sentence to be consecutive to his CCW sentence. We remand to the trial court for the judgment of sentence to be amended to reflect that defendant's felony-firearm sentence is concurrent with his CCW sentence.

Next, we address the issues raised by defendant in his Standard 4 brief.

First, defendant appears to argue that his Sixth Amendment right to confront the witnesses against him was violated because (1) he was not given the opportunity to cross-examine the individual involved in the fourth transaction with defendant that Officer Berry described in the search warrant affidavit and who was subsequently arrested by Officer Berry (hereinafter "customer 4"), and (2) he was not given the opportunity to cross-examine a police laboratory analyst, an Officer Harris, who tested the substance recovered from customer 4 and who was referenced in the search warrant affidavit and Officer Berry's testimony about the affidavit. We disagree.

A defendant fails to preserve a Confrontation Clause issue for appellate review if "he did not object on the same basis in the trial court." *People v Henry (After Remand)*, 305 Mich App 127, 152; 854 NW2d 114 (2014). Here, defendant did not preserve this issue because he never made any objections related to statements by these two witnesses on Confrontation Clause grounds. See *id*. "Whether defendant was denied his right of confrontation involves a question of constitutional law that we review de novo." *Id*. However, "[w]e review unpreserved constitutional issues for plain error affecting defendant's substantial rights." *Id*.

The Confrontation Clause of the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." US Const, Am VI; see also Const 1963, art 1, § 20. Under the Sixth Amendment, testimonial statements of a witness absent from trial may only be admitted at trial if the declarant is unavailable and the defendant had a prior opportunity for cross-examination. *Crawford v Washington*, 541 US 36, 59, 68; 124 S Ct 1354; 158 L Ed 2d 177 (2004). However, "the Confrontation 'Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.' " *People v McPherson*, 263 Mich App 124, 133; 687 NW2d 370 (2004), quoting *Crawford*, 541 US at 59 n 9 (citation omitted). "[A] statement offered to show the effect of the out-of-court statement on the hearer does not violate the Confrontation Clause" and "a statement offered to show why police officers acted as they did is not hearsay." *People v Chambers*, 277 Mich App 1, 11; 742 NW2d 610 (2007).

Here, although it appears from defendant's phrasing of the question presented that his argument is based on the Confrontation Clause, he does not cite any authority relevant to supporting his Confrontation Clause argument. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). An issue is abandoned if an appellant

"fail[s] to properly address the merits of his assertion of error . . . ." *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). Therefore, defendant has abandoned this issue.

Further, addressing the merits of defendant's argument briefly, we find no clear or obvious error. *Carines*, 460 Mich at 763. The statement of customer 4, who stated that he "knew [he] shouldn't have [bought drugs] from that spot," was introduced as part of showing what Officer Berry did in order to obtain the search warrant. Thus, the statement's introduction did not violate the Confrontation Clause. See *Chambers*, 277 Mich App at 10-11 (finding no Confrontation Clause violation where "the lead detective testified that he received a telephone call from an FBI agent who told him that one of the agent's informants recognized the man in the still photographs as defendant" because "[t]he testimony was not offered to establish the truth of the informant's tip" but instead "was offered to establish and explain why the detective organized a surveillance of defendant's home and how defendant came to be arrested"); see also *McPherson*, 263 Mich App at 131, 133-134 (finding no Confrontation Clause violation where evidence of an out-of-court statement "was not admitted for its substance (to identify [the defendant as] the shooter)," but to show that the defendant was aware of the statement, had "changed his story several times," and was not credible). Defendant has further failed to demonstrate prejudice resulting from any conceivable error. *Carines*, 460 Mich at 763. We note that defendant was charged with possession with intent to deliver cocaine based on the cocaine that was discovered in the house during the search; substantial evidence supported his conviction, which did not hinge on the statement from customer 4 that Officer Berry heard before obtaining the search warrant.

Defendant's argument does not appear to be a challenge to the validity of the search warrant or the search warrant affidavit. However, to the extent that defendant's argument could be understood as a claim that customer 4 should have been produced as an "informant" on whose statement Officer Berry relied in securing the search warrant, defendant's argument also fails. "[G]enerally the people are not required to disclose the identity of confidential informants; however, where the disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the identity must be disclosed[.]" *People v Tanner*, 222 Mich App 626, 630 n 1; 564 NW2d 197 (1997). Here, defendant has made no allegations that customer 4 possessed exculpatory evidence; rather, he merely argues that customer 4 should have been made available "for impeachment purposes." Thus, defendant has not shown how the identity and testimony of customer 4 would have been "relevant and helpful" to his defense or "essential to a fair determination of a cause . . . ." See *id*. Defendant, as the appellant, bears "the burden of furnishing the reviewing court with a record to verify the factual basis of any argument upon which reversal [is] predicated." *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000).

Next, to the extent that defendant's argument could be understood as a claim that the failure to produce customer 4 constituted a *Brady*[2] violation, defendant's argument also fails. "The prosecution's failure to disclose exculpatory or material evidence in its possession constitutes a due process violation regardless of whether a defendant requested the evidence."

---

[2] *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

*Henry (After Remand)*, 305 Mich App at 157. "[U]ndisclosed evidence will be deemed material only if it could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id*. (quotation marks and citations omitted). Here, as discussed above, defendant has not demonstrated that customer 4 would have provided any exculpatory information, much less information that would undermine confidence in the verdict. See *id*. No *Brady* violation occurred in this case. See *id*. (holding that no *Brady* violation occurred where the defendant did not "articulate how calling the informant at trial would have affected the outcome of the proceedings").

In sum, defendant has not shown any error, much less plain error, based on the fact that customer 4 was not required to testify. See *Carines*, 460 Mich at 763.

Additionally, defendant argues that Officer Harris, who tested the substance confiscated from customer 4 that was determined to contain cocaine, should have been required to testify at trial so defendant could cross-examine him. Even assuming error for purposes of argument, defendant has failed to show that he was prejudiced. Indeed, he stipulated at trial to the fact that the substance from the 23 plastic bags recovered from the house during the search tested positive for the presence of cocaine; it was never disputed that the substance possessed was cocaine. Thus, defendant has not shown that the outcome of the trial would have been different had he been able to cross-examine Officer Harris, and he has failed to demonstrate plain error affecting his substantial rights. See *id*.

To the extent that defendant's argument regarding Officer Harris can be understood as a challenge to the search warrant itself, this issue is also unpreserved and reviewed for plain error because defendant did not challenge the warrant on these grounds in the trial court. See *People v Stimage*, 202 Mich App 28, 30; 507 NW2d 778 (1993) ("[a]n objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground"); *Carines*, 460 Mich at 763-764. Defendant has failed to show that the outcome of the *Franks*[3] hearing would have been different had Officer Harris testified. Defendant offers no evidence that the test results were inaccurate or that cross-examining Officer Harris would have somehow demonstrated that the affidavit contained false material that was inserted intentionally and knowingly or with reckless disregard for the truth; thus, he has not shown that the warrant would have been quashed. See *Waclawski*, 286 Mich App at 701. Consequently, defendant has failed to demonstrate plain error on this claim as well. See *Carines*, 460 Mich at 763.

Next, defendant appears to claim that he received ineffective assistance of counsel based on three different grounds. Defendant argues that defense counsel was ineffective for failing to call particular witnesses, for failing to impeach Officer Berry with evidence of a separate lawsuit filed against him, and for failing to confirm the accuracy of the photographs of the house that was searched. We disagree.

---

[3] *Franks v Delaware*, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

A defendant's claim of ineffective assistance of counsel should be preserved by moving the trial court for a new trial or an evidentiary hearing. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000). When there is no testimonial record, a claim of ineffective assistance of counsel is unpreserved. *People v Musser*, 259 Mich App 215, 220-221; 673 NW2d 800 (2003). Here, defendant did not move the trial court for a new trial or an evidentiary hearing. Thus, no testimonial record was made in the trial court, and defendant's claim of ineffective assistance of counsel is unpreserved. See *Musser*, 259 Mich App at 220. "Unpreserved issues concerning ineffective assistance of counsel are reviewed for errors apparent on the record." *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). "A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). Factual findings, if any, are reviewed for clear error, and questions of constitutional law are reviewed de novo. See *id.*

There are two primary components for establishing an ineffective-assistance-of-counsel claim requiring reversal: the defendant must show, first, "that counsel's performance was deficient," and second, that "the deficient performance prejudiced the defense." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). In other words, for a defendant to demonstrate that defense counsel was constitutionally ineffective, the defendant must show (1) "that counsel's performance was below an objective standard of reasonableness under prevailing professional norms," and (2) "that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Stanaway*, 446 Mich 643, 687-688; 521 NW2d 557 (1994). "Effective assistance of counsel is presumed," and "[t]he defendant bears a heavy burden of proving otherwise." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). "The defendant must overcome a strong presumption that counsel's assistance constituted sound trial strategy." *Stanaway*, 446 Mich at 687. "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *Rockey*, 237 Mich App at 76-77. A "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel . . . ." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Defendant has not pointed to anything in the record that shows that he was denied the effective assistance of counsel. First, defendant argues that defense counsel should have requested that customer 4 and Officer Harris be required to testify. However, "[d]ecisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *Rockey*, 237 Mich App at 76. Furthermore, "[i]n general, the failure to call a witness can constitute ineffective assistance of counsel only when it 'deprives the defendant of a substantial defense.' " *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009), quoting *People v Hoyt*, 185 Mich App 531, 537–538, 462 NW2d 793 (1990). Defendant was not deprived of a substantial defense. Defense counsel presented the theory that the evidence linking the cocaine found by police to defendant was based on speculation and false statements, and defense counsel's strategy was clearly to cast doubt on the observations of Officer Berry. Defense counsel attacked Officer Berry's credibility by pointing to inconsistencies in his testimony and the search warrant affidavit. Defense counsel also emphasized that Officer Berry made assumptions without being certain of his conclusions; for example, he did not know whether customer 4 had actually acquired the cocaine from defendant's house or before he visited that location. This theory was presented by defense

counsel through cross-examination of Officer Berry and other police officers, and defense counsel argued this theory during closing argument.

Moreover, when evaluating a claim of ineffective assistance of counsel, "a reviewing court must conclude that the act or omission of the defendant's trial counsel fell within the range of reasonable professional conduct if, after affirmatively entertaining the range of possible reasons for the act or omission under the facts known to the reviewing court, there might have been a legitimate strategic reason for the act or omission." *People v Gioglio (On Remand)*, 296 Mich App 12, 22-23; 815 NW2d 589 (2012), vacated in part on other grounds 493 Mich 864 (2012). In the instant case, if defense counsel had attempted to compel the production of customer 4 to testify, even if such an attempt was successful, customer 4 might have clearly identified defendant as the seller and undermined his defense. Thus, defense counsel's strategy was to cast doubt on the importance and certainty of the information relating to customer 4, rather than to seek direct testimony from customer 4. "This Court will not second-guess counsel on matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015) (quotation marks and citation omitted).

Regarding Officer Harris, defendant does not provide any argument for why he would have been entitled to compel the testimony of Officer Harris. Defendant has therefore abandoned this argument. See *Kelly*, 231 Mich App at 640-641; *Harris*, 261 Mich App at 50. Moreover, it was not defense counsel's strategy to dispute whether the substances analyzed by the police were actually cocaine, and defendant has not demonstrated that such a strategy was in any way plausible. Defendant has not shown why the strong presumption that defense counsel's trial strategy was sound should give way in this case. See *Stanaway*, 446 Mich at 687. Defendant has not carried his burden of proving that defense counsel's assistance was not effective. See *Rockey*, 237 Mich App at 76.

Next, defendant argues that defense counsel was ineffective for not seeking to impeach Officer Berry by referencing a lawsuit that allegedly was filed against him. Defendant states in his brief that he warned defense counsel about this lawsuit, so it appears that defense counsel was aware of this information and was able to make decisions about its potential usefulness. "Decisions regarding whether to call or question a witness are presumed to be matters of trial strategy." *Putman*, 309 Mich App at 248. Here, defense counsel thoroughly cross-examined Officer Berry and attempted to impeach his credibility by highlighting inconsistencies between his testimony and the search warrant affidavit. Defense counsel's trial strategy will not be second-guessed by this Court. *Id*. Defendant's mere assertion that evidence of this lawsuit should have been used for impeachment purposes is not sufficient to "overcome [the] strong presumption that counsel's assistance constituted sound trial strategy," and defendant has not shown that defense counsel performed "below an objective standard of reasonableness under prevailing professional norms." See *Stanaway*, 446 Mich at 687.

Next, defendant appears to argue that defense counsel should have testified that the pictures of the house, which were used to challenge the search warrant affidavit at the *Franks* hearing and submitted into evidence by defense counsel at trial, were actually pictures of the house that was searched. Under the Michigan Rules of Professional Conduct (MRPC), "a lawyer generally cannot simultaneously be a witness and an advocate at trial." *People v Petri*, 279 Mich

App 407, 417; 760 NW2d 882 (2008), citing MRPC 3.7(a). We have previously noted that the purposes of this rule include, as relevant to the instant case, "prevent[ing] any problems that would arise from a lawyer's having to argue the credibility and the effect of his or her own testimony" and "prevent[ing] prejudice to the opposing party that might arise therefrom . . . ." *People v Tesen*, 276 Mich App 134, 143; 739 NW2d 689 (2007). Here, defense counsel could not have testified about the pictures and served as defendant's advocate. See MRPC 3.7(a); *Petri*, 279 Mich App at 417. Therefore, defense counsel's performance did not fall "below an objective standard of reasonableness" in this regard. See *Stanaway*, 446 Mich at 687. Furthermore, defendant testified at the *Franks* hearing that the pictures accurately showed the house that was searched; therefore, defendant has failed to demonstrate that he suffered any prejudice. See *Stanaway*, 446 Mich at 687-688.[4]

Finally, defendant requests in the alternative that this Court remand the case to the trial court for a *Ginther* hearing. We deny this request for a remand because defendant has not demonstrated that development of a factual record is required. MCR 7.211(C)(1)(a)(ii) requires that a motion to remand "be supported by affidavit or offer of proof regarding the facts to be established at a hearing." Defendant failed to file a motion to remand in this Court, and he also failed to attach any affidavits or make an offer of proof showing what facts would be established at a hearing on remand. Therefore, defendant's request for a *Ginther* hearing does not contain the necessary supporting material for a proper motion to remand, even if we were to treat the request in his Standard 4 brief as a motion to remand.

Remanded solely for the purpose of amending the judgment of sentence in accordance with this opinion. We affirm in all other respects. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter

---

[4] Even if defendant could somehow show that defense counsel's performance was deficient for any of the reasons asserted on appeal, he has failed to demonstrate prejudice. Indeed, defendant has not provided any evidence of how the outcome of his trial would have been different—how he would not have been convicted—had his defense counsel acted differently.