*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DARYL GENE ROBTOY,

Defendant-Appellant.

UNPUBLISHED
March 12, 2025
11:28 AM

No. 368005
Grand Traverse Circuit Court
LC No. 22-014141-FH

Before: N. P. HOOD, P.J., and BOONSTRA and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for (1) operating under the influence (OUI) with an occupant under 16 years old, second offense, MCL 257.625(7)(a)(*ii*), and (2) operating with a license suspended or revoked, MCL 257.904(1). The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to serve (1) nine months in jail and 36 months of probation, and (2) 93 days in jail, respectively. We affirm.

## I. FACTS

In May 2022, defendant was pulled over by Deputy George Preston of the Grand Traverse County Sheriff's Office. Defendant was driving an unregistered, motorized scooter, similar to a moped. The scooter was meant for one person, but defendant was driving it with both himself and his five-year-old daughter on it. Once defendant was pulled over, Deputy Preston noted that defendant smelled of intoxicants and had watery, glassy eyes. Defendant admitted that he did not have a valid driver's license and that he drank three beers before driving.

Deputy Preston requested that defendant perform a series of field sobriety tests. Deputy Preston first checked defendant's eyes for twitching—both of defendant's eyes showed nystagmus at 45 degrees, but his left eye also showed nystagmus at lesser degrees. Deputy Preston said that although this was odd, it did not make him think that "something else [was] going on." Deputy Preston then had defendant lift one leg approximately 6 inches above the ground for 30 seconds. Defendant used his arms to help him balance twice, and he did not look at his foot as instructed. Finally, Deputy Preston had defendant take nine steps, counting aloud and looking at his feet, before turning. Defendant took 10 steps, did not count aloud, did not look at his feet, and turned

-1-

in the wrong direction. Based on his training and experience, Deputy Preston believed that defendant was intoxicated.

Defendant was arrested and brought to jail, where he was read his chemical-test rights and consented to a breathalyzer test. Prior to the test, defendant was observed for about 18 minutes. Although Deputy Preston did not look directly at defendant for the full 18 minutes, they were in the same room during that time. Defendant had a 0.09 breath alcohol content in his two breath samples. Defendant challenged the admission of his breathalyzer test on the basis that the prosecution had not established a sufficient foundation and that he had been denied his statutory-chemical-testing rights. The trial court denied defendant's motion, finding that Deputy Preston had complied with the chemical-breath-test administrative rules and that the test was reliable.

The jury found defendant guilty, and the trial court sentenced defendant, as stated earlier. Defendant now appeals.

## II. UNREASONABLE SEARCHES AND SEIZURES

On appeal, defendant argues that: (1) his constitutional right to be free from unreasonable searches and seizures was violated because Deputy Preston did not have probable cause to believe that defendant was driving while intoxicated, and (2) the circuit court erred by denying defendant's motion to suppress the breathalyzer evidence.[1] We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

To preserve a suppression issue, a motion to suppress must be made before trial, or, "within the trial court's discretion, at trial." *People v Gentner, Inc*, 262 Mich App 363, 368; 686 NW2d 752 (2004) (quotation marks and citation omitted). The motion must specify the same grounds for objection as raised on appeal. *People v Clark*, 330 Mich App 392, 414; 948 NW2d 604 (2019). Although defendant challenged the breathalyzer evidence in the trial court, his challenges were on unrelated grounds, and he never specifically moved to *suppress* the evidence. Therefore, this issue is not preserved for appellate review. See *id*.

"Questions of constitutional law are reviewed de novo." *People v Hughes*, 506 Mich 512, 522; 958 NW2d 98 (2020). However, an unpreserved claim of constitutional error is reviewed for plain error. *Id*. at 523. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, and 3) the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order to establish that the plain error affected the defendant's substantial rights, the defendant

---

[1] Notably, defendant's challenge to the admission of his breathalyzer evidence was titled "Motion to Challenge Chemical Tests." This motion stated that should the trial court find that the prosecution failed to establish a foundation for the admission of the breathalyzer evidence, or that defendant was denied any of his statutory-chemical-testing rights, "then defense shall move for dismissal of all drunk driving charges, as Defendant was forever denied his constitutional right to gather evidence on his behalf." Nevertheless, on appeal, defendant refers to this challenge as a motion to suppress.

must show "that the error affected the outcome of the lower court proceedings." *Id*. "The reviewing court should reverse only when the defendant is actually innocent or the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Thorpe*, 504 Mich 230, 252-253; 934 NW2d 693 (2019).

## B. ANALYSIS

As a preliminary matter, defendant's argument on appeal focuses on a preliminary breath test (PBT), which is an "on-site taking of a preliminary breath test . . . ." MCL 257.43a. But, no PBT occurred in this case. The only breathalyzer test that occurred was taken after defendant was arrested and placed in jail. In the interest of thoroughness and completeness, we analyze the Fourth Amendment claim made by defendant in the context of the breathalyzer test that occurred.

The United States and Michigan Constitutions protect persons from unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. A search for the purposes of the Fourth Amendment occurs when the government interferes with a person's reasonable expectation of privacy. *People v Mahdi*, 317 Mich App 446, 457-458; 894 NW2d 732 (2016). "A warrantless search or seizure is presumed unconstitutional unless shown to be within one of several established exceptions." *People v Lucynski*, 509 Mich 618, 637; 983 NW2d 827 (2022). Generally, if evidence is seized in violation of the Fourth Amendment, it must be excluded from trial. *Mahdi*, 317 Mich App at 458. The government bears the burden of demonstrating that an exception to the warrant-requirement applied. *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003).

A "traffic stop constitutes a seizure of a vehicle's occupants." *People v Pagano*, 507 Mich 26, 32; 967 NW2d 590 (2021). "So long as the officer has probable cause to believe [a] traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." *People v Davis*, 250 Mich App 357, 363; 649 NW2d 94 (2002) (quotation marks, citation, and alteration omitted). It is a misdemeanor to drive "upon any highway any vehicle of a type required to be registered" that is not registered. MCL 257.215. A motorized scooter, similar to a moped, is included in the definition of a motor vehicle for the purposes of registration. See MCL 257.216(1)(k) ("A certificate of title is not required for a moped," but no similar exception is made for a registration.). Furthermore, a motorized scooter is legally required to have a seat for each person riding it. MCL 257.658(2).

The taking of a breath sample to check for alcohol is a search under the Fourth Amendment. *People v Chowdhury*, 285 Mich App 509, 519-520; 775 NW2d 845 (2009). Two of the established exceptions to the warrant-requirement are searches incident to a lawful arrest and consent. *People v Brzezinski*, 243 Mich App 431, 433; 622 NW2d 528 (2000). Nevertheless, these exceptions still require "reasonableness and probable cause." *Id*. at 434. "Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v Champion*, 452 Mich 92, 115; 549 NW2d 849 (1996). A search incident to arrest is permissible when a defendant has been lawfully arrested, and it requires no additional justification. *People v Eaton*, 241 Mich App 459, 463; 617 NW2d 363 (2000). An arrestee and the area within his immediate control can be searched incident to arrest. *Id*. For consent to a search to be valid, it must be freely and voluntarily given. *People v Farrow*, 461 Mich 202, 208; 600 NW2d 634 (1999).

In this case, Deputy Preston had probable cause to believe that a traffic violation was occurring because defendant was driving an unregistered, motorized scooter meant for one person on a public road, with his daughter standing on the floorboard. *Davis*, 250 Mich App at 363; see MCL 257.216(1)(k); MCL 257.658(2). Therefore, the stop was permissible. *Davis*, 250 Mich App at 363. Defendant's breathalyzer test was a search for the purposes of the Fourth Amendment. *Chowdhury*, 285 Mich App at 519-520. But, defendant's Fourth Amendment rights were not violated because the test was taken pursuant to two established exceptions to the warrant-requirement: search incident to a lawful arrest and consent. *Brzezinski*, 243 Mich App at 433.

Defendant was lawfully arrested at the time that the breathalyzer test was performed. *Id*. Defendant committed multiple traffic violations. First, defendant drove an unregistered, motorized scooter on a public road, in violation of MCL 257.215. See MCL 257.216(1)(k). Second, defendant drove a motorized scooter meant for one person, with his daughter standing on the floorboard, in violation of MCL 257.658(2). Third, Deputy Preston had probable cause to arrest defendant on the basis of his failed field-sobriety tests, his admission to having consumed alcohol prior to driving, his watery and glassy eyes, and the smell of intoxicants. Therefore, Deputy Preston reasonably believed that defendant had committed an offense described in MCL 257.625c(1), namely operating a vehicle on a public road while intoxicated. MCL 257.625a(6)(d). Accordingly, because defendant was lawfully arrested, and the breathalyzer test was justified by statute, defendant's Fourth Amendment rights were not violated. *Eaton*, 241 Mich App at 463; MCL 257.625c(1)(a).

Moreover, defendant consented to the breathalyzer test. *Brzezinski*, 243 Mich App at 433. A person operating a motor vehicle is considered to have consented to a chemical test if arrested for a listed crime, including defendant's OUI charge. MCL 257.624c(1); MCL 257.625(7)(a)(*ii*). Furthermore, Deputy Preston testified that defendant verbally consented to the breathalyzer test, and defendant did not testify otherwise. There was also no indication that defendant's consent was coerced or involuntary. *Farrow*, 461 Mich at 208.

Accordingly, the trial court did not plainly err by admitting the breathalyzer evidence, and defendant's Fourth Amendment rights were not violated. *Carines*, 460 Mich at 763.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that his trial counsel was ineffective for failing to move to suppress the breathalyzer evidence on the basis of the officer's lack of probable cause to conduct a PBT. We disagree.

As a preliminary matter, this issue is waived because it was not raised in defendant's questions presented. *People v Mackle*, 241 Mich App 583, 604 n 4; 617 NW2d 339 (2000) (An issue not contained in the statement of questions presented is waived on appeal.). But, even if it were not waived, this issue would lack merit because "[c]ounsel is not ineffective for failing to advance a meritless position or make a futile motion." *People v Henry (After Remand)*, 305 Mich App 127, 141; 854 NW2d 114 (2014). As previously stated, no PBT was conducted in this case, and defendant's Fourth Amendment rights were not violated by the breathalyzer test that taken at the jail. In fact, before withdrawing as defendant's attorney, his initial counsel stated, "I don't have any factual or legal basis to file [a motion to quash the breathalyzer results], in my opinion.

And as a—I think that would violate the Rules of Professional Conduct, your Honor." Therefore, any motion filed to suppress the breathalyzer test on this basis would likely have failed, and defense counsel was not required to make a futile motion. *Id*.

Additionally, defense counsel did challenge the breathalyzer test on the basis of a lack of foundation and the denial of defendant's statutory chemical-testing rights. At trial, defense counsel focused on ensuring Deputy Preston was properly trained in administering a breathalyzer test and that the test was properly conducted. Defense counsel's strategy was to focus on any issues concerning how the breathalyzer test was conducted, rather than arguing that the test itself was improper. Defense counsel is given a wide degree of discretion in trial strategy. *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). A defendant must overcome the "strong presumption" that the decisions of their counsel were a matter of trial strategy. *Id*. Decisions of strategy should not be reviewed with the benefit of hindsight. *Id*. Although defense counsel's trial strategy was unsuccessful, it does not render defense counsel ineffective. *Id*. Defendant has not overcome the presumption that defense counsel was acting in accordance with a trial strategy. *Id*.

Affirmed.

/s/ Noah P. Hood
/s/ Mark T. Boonstra
/s/ Kathleen A. Feeney