PEOPLE v EATON

Docket No. 218815. Submitted April 11, 2000, at Detroit. Decided June 13, 2000, at 9:15 A.M.

Charles E. Eaton was charged in the Wayne Circuit Court with possession of less than twenty-five grams of cocaine and possession of marijuana. The controlled substances had been found by the police in the passenger compartment of the defendant's automobile underneath the gearshift and center console after the defendant was stopped for speeding and arrested for not having a valid driver's license. The court, Bruce U. Morrow, J., dismissed the charges after granting the defendant's motion to suppress evidence of the controlled substances on the basis that the search without a warrant exceeded the scope of the search incident to arrest exception to the warrant requirement of the Fourth Amendment. The prosecution appealed.

The Court of Appeals *held*:

When conducting a search incident to a lawful arrest, the police may search the arrestee and the area within the arrestee's immediate control. This includes the search of the passenger compartment of an automobile occupied by an arrestee. The police may also examine the contents of any containers found within the passenger compartment. A container is any object capable of holding another object. In this case, the area in which the controlled substances were found was a container in the passenger compartment of the defendant's automobile and therefore was subject to search incident to lawful arrest.

Reversed.

SEARCHES AND SEIZURES — AUTOMOBILES — SEARCHES INCIDENT TO LAWFUL ARRESTS.

The passenger compartment of an automobile and any container in the compartment are subject to search incident to a lawful arrest of the operator of the automobile; a container is any object capable of holding another object (US Const, Am IV; Const 1963, art 1, § 11).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prose-

cuting Attorney, and *Timothy A. Baughman,* Chief of Research, Training, and Appeals, for the people.

State Appellate Defender (by *Susan J. Smith*), for the defendant on appeal.

Before: KELLY, P.J., and HOLBROOK, JR., and GRIFFIN, JJ.

KELLY, P.J. The prosecution appeals as of right from the trial court's order dismissing charges of possession of less than twenty-five grams of cocaine and possession of marijuana, MCL 333.7403(2)(a)(v) and (d); MSA 14.15(7403)(2)(a)(v) and (d). The dismissal followed the court's order granting defendant's motion to suppress evidence seized by a police officer incident to defendant's lawful arrest following a traffic stop. We reverse.

Defendant was observed traveling at a speed in excess of the posted limit and was stopped. He was unable to produce a valid driver's license and was arrested. Incident to that arrest, the officer searched the passenger compartment of defendant's vehicle and located the drugs underneath the gearshift located on the center console. The officer testified that he had to "take the plastic apart and snap it out of its casing in order to find the narcotics." He also testified that the area beneath the gearshift was "a well-known spot for transporting narcotics."

Defendant moved to suppress the evidence, claiming that the officer had conducted an unlawful inventory search and that the prosecution did not establish that an investigative search was warranted under the facts of this case. The prosecution responded that the search was incident to a lawful arrest and that it was

not an inventory search. After hearing oral arguments, the court instructed the parties to brief the issue whether the search was incident to a lawful arrest. Without stating its reasons, the court thereafter granted defendant's motion.

Our review is de novo in cases where the trial court's decision on a motion to suppress evidence is based on an interpretation of the law. *People v Zahn*, 234 Mich App 438, 445; 594 NW2d 120 (1999). We review for clear error factual findings made in conjunction with a motion to suppress. *Id.* Further, this Court reviews constitutional issues de novo. *People v Houstina*, 216 Mich App 70; 549 NW2d 11 (1996).

The question presented is whether the search without a warrant of defendant's automobile, made incident to his lawful arrest, exceeded what is considered reasonable under the Fourth Amendment of the United States Constitution and Const 1963, art 1, § 11. The Fourth Amendment guarantees the right of persons to be secure against unreasonable searches and seizures.[1] As a general rule, evidence that is obtained in violation of the Fourth Amendment is inadmissible as substantive evidence in criminal proceedings. *Houstina, supra* at 74.

In order to show that a search was legal, the police must show either that they had a warrant or that their conduct fell under one of the narrow, specific exceptions to the warrant requirement. *People v Davis*, 442 Mich 1, 10; 497 NW2d 910 (1993). One of the narrow, specific exceptions to the warrant requirement is

---

[1] A defendant from whom narcotic drugs are seized is provided no greater constitutional protection under art 1, § 11 of the Michigan Constitution than that provided by the Fourth Amendment. *People v Toohey*, 438 Mich 265, 271; 475 NW2d 16 (1991).

searches incident to arrest. *People v Toohey*, 438 Mich 265, 271, n 4; 475 NW2d 16 (1991).

There are two historical rationales for the "search incident to arrest" exception to the warrant requirement of the Fourth Amendment: (1) the need to disarm the suspect in order to take him into custody, and (2) the need to preserve evidence for later use at trial. *United States v Robinson*, 414 US 218, 234; 94 S Ct 467; 38 L Ed 2d 427 (1973). A search incident to an arrest is a reasonable search and, therefore, permitted by the Fourth Amendment, even though the police do not have a search warrant. *Chimel v California*, 395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969).

A custodial arrest involves "danger to an officer" because of "the extended exposure which follows the taking of a suspect into custody and transporting him to the police station." *Robinson, supra* at 234-235. In *Robinson*, the Supreme Court recognized that "[t]he danger to the police officer flows from the fact of the arrest, and its attendant proximity, stress, and uncertainty, and not from the grounds for arrest." *Id.* at 234, n 5. The *Robinson* Court relied on the differences between searches incident to lawful custodial arrests and *Terry* [2] "stop-and-frisk" searches to reject an argument that the limitations established in *Terry* should be applied to a search incident to arrest. *Robinson, supra* at 228.

---

[2] *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). The Michigan Supreme Court has held that the permissible scope of a patdown search under *Terry* is strictly limited "to that reasonably designed to discover guns, knives, clubs, or other hidden instruments that could be used to assault an officer." *People v Champion*, 452 Mich 92, 99; 549 NW2d 849 (1996).

Defendant argues that the officer lacked probable cause to search the vehicle for illegal drugs. "A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search . . . ." *Robinson, supra* at 235. Fundamental to the search incident to arrest exception is the requirement that there must be a lawful arrest in order to establish the authority to search. *Houstina, supra* at 75. Defendant does not dispute that he was lawfully arrested for driving without a valid driver's license. No further authority or probable cause for the search incident to his arrest was necessary.

When conducting a search incident to a lawful arrest, the police may search the arrestee and the area within his immediate control. *Chimel, supra* at 763. This includes the search of the passenger compartment of an automobile occupied by the arrestee as a contemporaneous incident of that arrest. *New York v Belton*, 453 US 454, 460; 101 S Ct 2860; 69 L Ed 2d 768 (1981). The officer may also examine the contents of any containers found within the passenger compartment. *Id.* The *Belton* Court defined container to mean "any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment . . . ." *Id.* at 460, n 4.

The *Belton* Court recognized that containers located within the passenger compartment and searched by officers "will sometimes be such that they could hold neither a weapon nor evidence of the

criminal conduct for which the suspect was arrested." *Id.* at 461. Nevertheless, the Supreme Court rejected the notion that such a container located during a search incident to an arrest could not be searched. *Id.*, citing *Robinson, supra.* Here, the area beneath the gearshift was observed during the search incident to defendant's arrest and was subject to search.

Although no Michigan case has addressed the specific question, other courts have addressed what constitutes a container within the passenger compartment subject to search incident to the lawful arrest of the occupant of the vehicle. In *United States v Veras,* 51 F3d 1365 (CA 7, 1995), the court held that a "secret compartment" located in the back seat of the defendant's car was part of the passenger compartment and subject to search. A glove compartment, whether locked or unlocked, is part of the passenger compartment and within the scope of a *Belton* search. *United States v Milton,* 52 F3d 78 (CA 4, 1995); *United States v Woody,* 55 F3d 1257 (CA 7, 1995). In *United States v Willis,* 37 F2d 313 (CA 7, 1994), the defendant did not take issue with the district court's finding that the dashboard radio housing for a removable radio was a container subject to search incident to an arrest. The district court explained that the defendant's removable radio was "an object capable of holding another object" and therefore fit the definition of "container" stated in *Belton.* These decisions support our finding that the area beneath the gearshift was a container subject to search. It was an object capable of holding another object. *Belton, supra* at 460, n 4. The fact that the officer had to loosen the plastic cover and snap out the console to gain access to the

area beneath the gearshift does not render the search of the container unreasonable.

In support of his argument that the search exceeded the scope allowed under *Belton*, defendant cites several decisions involving the seizure of evidence from a motor vehicle. All the cases cited by defendant involved searches outside the passenger compartment of the vehicle. *California v Acevedo*, 500 US 565; 111 S Ct 1982; 114 L Ed 2d 619 (1991) (paper bag in trunk of car); *United States v Patterson*, 65 F3d 68 (CA 7, 1995) (truck tailgate); *United States v Infante-Ruiz*, 13 F3d 498 (CA 1, 1994) (briefcase in trunk of car). Unlike the evidence in the cases cited by defendant, the drugs found beneath the gearshift were found in a container located within the passenger compartment of defendant's car and, therefore, the search did not exceed the scope allowed by *Belton*.

Although not clear from the record, the trial court's decision to grant defendant's motion to suppress the evidence seems to have been based on a finding that the area beneath the gearshift was not a container within the passenger compartment of defendant's car or that the officer's act of taking the console apart to reach the container exceeded the scope of a search incident to an arrest. We find that the area beneath the gearshift was a container within the passenger compartment of defendant's car and was subject to search under *Belton*. The search did not exceed the scope of a search incident to an arrest, and the trial court erred in suppressing the evidence.

Reversed.