Cooper, P.J.
(dissenting). I respectfully disagree with the majority’s conclusion that the automobile exception applies to a burned automobile with an inoperable engine. Because the vehicle’s engine was completely burned when the fire officials discovered it, I would conclude that the vehicle was not capable of operation for purposes of the automobile exception.
The Fourth Amendment of the United States Constitution and its counterpart in the Michigan Constitution protect against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11; People v Kazmierczak, 461 Mich 411, 417; 605 NW2d 667 (2000). “The lawfulness of a search or seizure depends on its reasonableness.” People v Snider, 239 Mich App 393, 406; 608 NW2d 502 (2000). A search conducted without a warrant is generally considered unreasonable absent both probable cause and a situation establishing an exception to the warrant requirement. Id. at 407. Evidence obtained in violation of the Fourth Amendment is inadmissible as substantive evidence in criminal proceedings. People v Eaton, 241 Mich App 459, 461; 617 NW2d 363 (2000).
The majority essentially concludes that a warrant was unnecessary to search defendant’s automobile merely because it was an automobile. However, I believe that this argument is flawed given the history of the automobile exception. The automobile exception has traditionally been based on the “ready” mobility of a vehicle. California v Carney, 471 US 386, 394; 105 S Ct 2066; 85 L Ed 2d 406 (1985). “[T]he automobile exception is premised on an automobile’s ready mobility and pervasive regulation, and if a car *523 is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle without more.” Kazmierczak, supra at 418 (emphasis added). The importance of an automobile’s potential for mobility can be seen in the Supreme Court’s conclusion that a mobile home would fall outside the automobile exception if it were in a setting that objectively indicated it was being used as a residence and not for transportation. Carney, supra at 394, n 3. For example, Carney noted that elevating a mobile home on blocks would be relevant in determining whether it was readily mobile. Id.
The majority correctly asserts that the reduced expectation of privacy in automobiles is another basis for the automobile exception. Id. at 391. However, this reduced expectation of privacy stems from the regulation of vehicles that are capable of traveling on the public highways. Id. at 392. “When a vehicle is being used on the highways, or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes—temporary or otherwise—the two justifications for the vehicle exception come into play.” Id. at 392-393. In the instant case, defendant’s vehicle was stationary but was clearly incapable of being driven or used on the highways.[1]
I note that the majority cites United States v Gastiaburo, 16 F3d 582 (CA 4, 1994), and Michigan v Thomas, 458 US 259; 102 S Ct 3079; 73 L Ed 2d 750 *524 (1982), to argue that the “actual” mobility of a particular automobile is irrelevant. However, those cases are factually inapplicable because they concern the situation where a vehicle was immobilized because of impoundment by the police or the fact that the driver was taken into custody. Indeed, in both of these cases the vehicles were either stopped or pulled over by police officers before they were searched. Thus, the vehicles were clearly capable of mobility when they were stopped. The facts in the instant case are quite different. Indeed, there can be no doubt that defendant’s burned vehicle was inoperable when the fire officials initially arrived, and it remained in that condition when their second investigation was conducted well over ten hours later. In fact, at no time during the fire investigation was defendant’s vehicle “readily” mobile so as to fall within the automobile exception to the warrant requirement. Defendant’s vehicle could not be simply turned on with an ignition key. Moreover, extensive repairs would have been required to drive the vehicle away.[2] The fact that defendant’s vehicle could have been towed to a different location does not imbue it with mobility. A mobile home on blocks, the situation referenced by the United States Supreme Court in Carney, supra, as a sign of immobility, could also be towed away.
Because I believe that the automobile exception is inapplicable, I would find that a search warrant was required on the basis of the holding in Michigan v Tyler, 436 US 499; 98 S Ct 1942; 56 L Ed 2d 486 *525 (1978). In Tyler, the United States Supreme Court discussed the requirement for a warrant to search a house after a fire:
[T]here is no diminution in a person’s reasonable expectation of privacy nor in the protection of the Fourth Amendment simply because the official conducting the search wears the uniform of a firefighter rather than a policeman, or because his purpose is to ascertain the cause of a fire rather than to look for evidence of a crime, or because the fire might have been started deliberately. Searches for administrative purposes, like searches for evidence of crime, are encompassed by the Fourth Amendment. And under that Amendment, “one governing principle, justified by history and by current experience, has consistently been followed: except in certain carefully defined classes of cases, a search of private property without proper consent is ‘unreasonable’ unless it has been authorized by a valid search warrant.” Camara [v Municipal Court of the City & Co of San Francisco, 387 US 523, 528-529; 87 S Ct 1727; 18 L Ed 2d 930 (1967)]. [Tyler, supra at 506.]
The Tyler Court held that fire fighters may enter a building without a warrant to fight a fire and that they may remain in the building for a reasonable time to investigate and preserve evidence pertaining to the cause of the fire. Id. at 509-510. However, the Supreme Court found that reentries by fire officials without a warrant after the date of the fire were “clearly detached from the initial exigency and warrantless entry” and were therefore illegal searches. Id. at 511. The Supreme Court summarized its holding as follows:
[A]n entry to fight a fire requires no warrant, and that once in the building, officials may remain there for a reasonable time to investigate the cause of the blaze. Thereafter, additional entries to investigate the cause of the fire must be made pursuant to the warrant procedures gov *526 eming administrative searches. Evidence of arson discovered in the course of such investigations is admissible at trial, but if the investigating officials find probable cause to believe that arson has occurred and require further access to gather evidence for a possible prosecution, they may obtain a warrant only upon a traditional showing of probable cause applicable to searches for evidence of crime. [Id. at 511-512 (emphasis in original; citations omitted).]
In the instant case, there was a significant lapse of time between the initial examination by the fire department and the subsequent investigation by its arson expert. Under Tyler, the fire department was required to obtain a search warrant for further investigation regarding the cause of the fire. Id. Therefore, I would conclude that the district court did not err in suppressing Lt. Derek Segars’ testimony. Absent this testimony, I believe that defendant’s statements to the police were insufficient to establish probable cause that she committed arson. I would affirm the orders of the lower courts.

 Carney, supra at 393, noted that a vehicle that was turned off was readily mobile by the use of an ignition key. However, an automobile with a burned-out engine, such as defendant’s, could not be started without extensive repairs or a completely new engine.

 Indeed, if the fire department was truly worried that defendant’s vehicle was capable of being removed from the scene it would not have waited over ten hours to conduct its second investigation. I would also submit that the fire department could have easily obtained a search warrant for defendant’s vehicle within this period.