*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

UNPUBLISHED
July 30, 2019

v

AARON JAMES CLARK,

        Defendant-Appellee.

No. 345459
Roscommon Circuit Court
LC No. 18-008002-FH

Before: O'BRIEN, P.J., and FORT HOOD and CAMERON, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's order granting defendant's motion to suppress evidence and dismiss the charges against him, including one charge of possession of less than 25 grams of hydrocodone, MCL 333.7403(2)(a)(*v*), and one charge of possession of marijuana, MCL 333.7403(2)(d). The trial court ruled that Michigan State Police Trooper Karen Roy did not have probable cause to search defendant's vehicle after she smelled marijuana, holding that the odor of marijuana was not indicative of criminal activity because the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, made the possession of marijuana legal for a segment of the population. The prosecution argues on appeal that the odor of marijuana alone justifies the warrantless search of an automobile and that, even if odor alone were insufficient, defendant's statements to the police preceding the search were sufficient to establish probable cause. We reverse.

## I. FACTUAL BACKGROUND

In March 2018, Trooper Roy pulled defendant over for having, according to Trooper Roy's testimony, a loud and defective exhaust on his vehicle. Trooper Roy testified that, as she walked up to the passenger window of defendant's car, she smelled marijuana. Trooper Roy also saw a small pair of scissors she believed to be consistent with marijuana use. Because defendant kept proof of his automobile insurance on his cell phone, Trooper Roy asked defendant to sit in the passenger seat of her patrol car while she verified his license and registration. While defendant was in the patrol car, Trooper Roy asked defendant if he had marijuana in his car, to which defendant initially responded that he did not. After Trooper Roy informed defendant that

-1-

she had a drug-sniffing dog with her, defendant stated that he had a medical marijuana card in his car and a "one-hitter." Defendant added that he could produce the one-hitter, but he did not consent to a search of his vehicle.

Trooper Roy responded that she did not need defendant's consent because the presence of marijuana permitted her to search defendant's car, explaining that she needed to verify that defendant did not have more marijuana than he was permitted to have. Trooper Roy then asked defendant if he had any more marijuana, to which defendant first responded in the negative before then telling Trooper Roy that he also had a pack of cigarettes with two or three joints in it. Defendant added that he had recently undergone a root canal, and the marijuana helped him with the resulting pain. After two backup troopers arrived, Trooper Roy asked defendant if she was going to find anything defendant was "not supposed to have" in his vehicle. Defendant stated that there was medication in the vehicle for which he had a prescription.

While the two backup troopers started searching defendant's car, defendant presented Trooper Roy with his medical marijuana card. Trooper Roy noted that defendant presented a caregiver card, which only permitted possession, not use, of marijuana. Defendant failed to produce a patient card.[1] While searching defendant's vehicle, the troopers discovered Vicodin, for which defendant was unable to produce a prescription. Defendant told Trooper Roy that a friend had given him the Vicodin to help with the pain from his root canal. Trooper Roy placed defendant under arrest.

The prosecution charged defendant with one count of possession of less than 25 grams of hydrocodone, MCL 333.7403(2)(a)(*v*), and possession of marijuana, MCL 333.7403(2)(d). Defendant moved to suppress the evidence against him and dismiss the charges, arguing that (1) the stop was unlawful from the outset because defendant's exhaust was functioning adequately, (2) the smell of marijuana alone was insufficient to establish probable cause to search defendant's car, (3) Trooper Roy unlawfully detained defendant by removing him to the patrol car, and (4) Trooper Roy violated defendant's Fifth Amendment protection against self-incrimination by failing to advise him of his rights until the end of the stop. The prosecution opposed the motion, arguing Trooper Roy had a lawful basis to pull defendant over and that the smell of marijuana alone established probable cause to justify the search of defendant's car. The trial court ruled that, because the MMMA made possession of marijuana lawful under certain circumstances, the smell of marijuana alone was not necessarily indicative of criminal activity and the search of defendant's vehicle was thus unconstitutional. The court stated that, in order to establish probable cause, Trooper Roy should have asked to see defendant's medical marijuana card before the search began, and then should have determined whether there was a reasonable ground to suspect that defendant had more marijuana than the MMMA allowed him. Under these particular circumstances, we disagree that Trooper Roy lacked probable cause and reverse.

II. ANALYSIS

---

[1] On appeal, defendant admits that he did not have a valid patient card at the time of the stop, but received one later.

This Court reviews a trial court's ruling on a motion to suppress de novo. *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). "The trial court's factual findings are reviewed for clear error, and the underlying constitutional issues, including whether a Fourth Amendment violation occurred, are reviewed de novo." *People v Henry (After Remand)*, 305 Mich App 127, 137; 854 NW2d 114 (2014). "A factual finding is clearly erroneous if it leaves the Court with a definite and firm conviction that the trial court made a mistake." *People v Steele*, 292 Mich App 308, 313; 806 NW2d 753 (2011).

The Fourth Amendment protects against unreasonable searches and seizures. *People v Jones*, 260 Mich App 424, 428; 678 NW2d 627 (2004). Generally, "evidence obtained in violation of the Fourth Amendment is inadmissible as substantive evidence in criminal proceedings." *People v Eaton*, 241 Mich App 459, 461; 617 NW2d 363 (2000). A traffic stop is valid when a police officer has "an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of law." *People v Williams*, 236 Mich App 610, 612; 601 NW2d 138 (1999). "[W]hen a traffic stop reveals a new set of circumstances, an officer is justified in extending the detention long enough to resolve the suspicion raised." *People v Williams*, 472 Mich 308, 315; 696 NW2d 636 (2005). Although the Fourth Amendment generally requires a warrant to conduct a search, "under the automobile exception, the police may search a motor vehicle without the necessity of first obtaining a warrant if probable cause to support the search exists." *People v Kazmierczak*, 461 Mich 411, 418-419; 605 NW2d 667 (2000). "Probable cause exists when there is a reasonable ground of suspicion supported by circumstances sufficiently strong to warrant a cautious person to believe that the accused is guilty of the offense charged." *People v Carter*, 250 Mich App 510, 521; 655 NW2d 236 (2002). "[T]he smell of marijuana alone by a person qualified to know the odor may establish probable cause to search a motor vehicle, pursuant to the motor vehicle exception to the warrant requirement." *Kazmierczak*, 461 Mich at 413.

The prosecution contends that the odor of marijuana alone was sufficient to establish probable cause for the warrantless search of defendant's vehicle. Under the circumstances, we conclude that defendant's statements and conduct *combined* with the odor provided Trooper Roy with probable cause.

The trial court based its decision to suppress on the fact that the MMMA was enacted after *Kazmierczak*, and thus, because the MMMA made possession of marijuana lawful for a certain segment of the population, the rule stemming from *Kazmierczak* that the odor of marijuana establishes probable cause was no longer applicable. The trial court relied on an unpublished opinion of this Court, wherein, under similar factual circumstances, this Court noted that the MMMA was enacted after *Kazmierczak*, and this Court chose to "*assume*" for the purposes of its analysis that the odor of marijuana alone was "not sufficient to support probable cause to conduct a search . . . ." *People v Zaid*, unpublished per curiam opinion of the Court of Appeals, issued May 26, 2015 (Docket No. 320197), p 5, vacated in part on other grounds 499 Mich 933 (2016). Apart from *Zaid* being nonbinding under MCR 7.215(C)(1), in that case, this Court explicitly noted: "[T]his opinion is not to be construed as holding that the odor of marijuana, in and of itself, cannot serve as probable cause when a person holds a valid marijuana registration card; we merely find it unnecessary to answer that question." *Zaid*, unpub op at 5.

More recently, in a published opinion, this Court answered that question. In *People v Anthony*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 337793); slip op at 11, this Court held that the enactment of the MMMA did not entirely supersede *Kazmierczak*, at least to the extent that the MMMA does not authorize the smoking of marijuana in public places. In *Anthony*, the defendant was approached while in a parked vehicle on a public street, and during the approach, the arresting officer smelled "burned marijuana." *Id*. at 10. This Court concluded that, because the MMMA did not allow for the smoking of marijuana in public places, and because the defendant was parked in a public place, the smell of burned marijuana alone provided the arresting officer probable cause to search the defendant's vehicle. *Id*. at 11. The logic of *Anthony* suggests that the enactment of the MMMA did, in fact, affect the reach and scope of *Kazmierczak*.

Unlike in *Anthony*, the prosecution in this case did not allege that defendant *smoked* or otherwise *used* marijuana while in a public place, nor did the prosecution allege that defendant operated his vehicle while under the influence of marijuana. Trooper Roy testified only that she smelled a "slight odor" of marijuana. Trooper Roy did not indicate that the marijuana smelled burned, and in fact, specifically indicated that she did not believe defendant was intoxicated. Given that defendant was able to produce a medical marijuana provider card, we are not convinced under these circumstances that the "slight odor" of marijuana would have been sufficient to establish probable cause because, essentially, it would appear under the facts that defendant lawfully possessed the marijuana. With the passage of the MMMA and with the more recent passage of the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq*., which further decriminalizes the possession and use of marijuana, we believe this distinction between the present case and *Anthony* to be notable.

Nevertheless, we hold that Trooper Roy had probable cause to search defendant's vehicle in this case. Defendant gave significant indications the he understood his own behavior to be unlawful. Defendant first told Trooper Roy that he had a "one-hitter" in his car and a medical marijuana card. Defendant repeated this at least two times before backtracking and stating that he had two or three joints in his car that he *used* for pain associated with a root canal. Notably, the medical marijuana *provider* card defendant produced might have permitted him to possess marijuana, but it did not permit him to use it.[2] Defendant then denied having anything else in his car before again backtracking and claiming that he had multiple prescription medications. Defendant's evolving answers to Trooper Roy's questions created a reasonable suspicion that defendant was unlawfully possessing controlled substances, justifying Trooper Roy's continued questioning of defendant and ultimately establishing probable cause to search defendant's vehicle.

---

[2] We note that the MRTMA would now permit the generalized use of marijuana under similar circumstances. However, the statute became effective after defendant was charged, and defendant does not raise the MRTMA as an issue on appeal.

Because we agree with the prosecution that probable cause existed under the circumstances, we need not address its alternative arguments that the evidence was admissible under the inevitable-discovery doctrine or the good-faith exception to the exclusionary rule. Additionally, we note that defendant raises several unpreserved arguments related to the *corpus delicti* rule, the classification of marijuana as a Schedule 2 controlled substance, the enforcement provisions in the MMMA, and the Medical Marihuana Facilities Licensing Act (MMFLA), MCL 333.27101 *et seq*. Defendant further argues that he is immune from prosecution under the MMMA because he received a medical marijuana patient card after his arrest. Defendant did not raise these issues in the trial court, and we decline to address them because they exceed the scope of the questions presented on appeal. Any immunity defense properly raised in the trial court may be addressed on remand.

Reversed and remanded for further proceedings consistent with this opinion. On remand, the trial court should address the issues it did not rule on from defendant's motion to suppress, including the argument that defendant was unlawfully detained toward the beginning of the traffic stop, and that defendant's Fifth Amendment protection against self-incrimination was violated. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Karen M. Fort Hood
/s/ Thomas C. Cameron