*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 18, 2024

Plaintiff-Appellee,

v

No. 365436
Muskegon Circuit Court
LC No. 2022-003583-FH

KENNETH ALAN HERSHEY,

Defendant-Appellant.

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Defendant, Kenneth Alan Hershey, was arrested for possessing a stolen motorcycle, and a search incident to arrest resulted in the seizure of a bag of methamphetamine found in defendant's pants. Defendant thereafter was charged and convicted after a jury trial of one count of possession of methamphetamine, second offense, MCL 333.7403(2)(b)(*i*) and MCL 333.7413(2). Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 46 months to 20 years in prison. Defendant now appeals of right, claiming that his arrest and the subsequent search were unlawful because officers did not have probable cause to arrest him. Defendant also contends that the trial court erred by denying his motion to adjourn the trial because the prosecutor furnished a laboratory report just three days before trial. Finally, defendant insists he is entitled to resentencing because his within-guidelines sentence was unreasonable. We affirm defendant's conviction and the scoring of defendant's sentencing guidelines, but we must remand the case for justification of the sentence imposed on defendant or for resentencing.

## I. FACTUAL BACKGROUND

On July 12, 2022, Sergeant Douglas Conrad from the Muskegon Police Department was dispatched to 1853 Hoyt Street in Muskegon following a call that a stolen motorcycle was at that address. When Sergeant Conrad arrived, he spoke to Jared Hill, who said that he had seen that the motorcycle was reported as stolen on Facebook, that he called the police when he saw defendant driving the motorcycle into the driveway of the home, and that defendant had offered to sell him the motorcycle for $200. Sergeant Conrad testified that the motorcycle was a different color than

-1-

the one that was reported missing, but upon closer inspection, he observed that the motorcycle had been repainted.

Officer Juan Antonio Medina Baca[1] of the Muskegon Police Department arrived as backup, and, after speaking to the homeowner, Sergeant Conrad and Officer Medina entered the garage of the home and found defendant asleep on the garage floor. Sergeant Conrad testified that he woke defendant and told him that he was being placed under arrest for the stolen motorcycle. Officer Medina testified that he searched defendant incident to the arrest and retrieved a small baggie that contained a crystal-like substance wrapped in plastic in the front pocket of defendant's pants.

Sergeant Conrad sealed the baggie and put it in an evidence locker. The baggie eventually was delivered to the Michigan State Police Crime Laboratory for testing shortly before defendant's trial, and the substance in the baggie tested positive for methamphetamine. Defendant nonetheless chose to go to trial, where a jury found him guilty of possessing methamphetamine. At sentencing, the trial court set the minimum sentencing guidelines range for a fourth-offense habitual offender at 20 to 46 months. The trial court chose to sentence defendant at the top of the guidelines range, setting the sentence at 46 months' to 20 years' imprisonment. Defendant now appeals.

## II. LEGAL ANALYSIS

On appeal, defendant argues that his arrest and the subsequent search incident to that arrest were unlawful because the officers lacked probable cause to arrest him. Next, defendant contends that the trial court erred by denying his motion to adjourn the trial because the prosecutor released the laboratory report three days before the trial began. Finally, defendant asserts that he is entitled to resentencing because his within-guidelines sentence was unreasonable. We shall address each of these arguments in turn.

## A. SEARCH INCIDENT TO ARREST

Defendant contends that his arrest for possessing a stolen motorcycle was not supported by probable cause, so the officers had no basis to conduct a search incident to that arrest. Defendant did not contest the arrest or the search in the trial court, so he faults his trial attorney for failing to file a motion to suppress the methamphetamine found in the pocket of his pants.

Turning first to the merits of defendant's claim that he was arrested without probable cause, he did not contest the arrest or the search incident to that arrest in the trial court, so our review is limited to an analysis of whether there was plain error that affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To avoid forfeiture of a claim under the plain error rule, "three requirements must be met: 1) error must have occurred; 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. Here, defendant cannot meet any of those requirements.

---

[1] Officer Medina stated at trial that, although his full last name was Medina Baca, he was fine with being called Officer Medina.

Defendant accepts the proposition that a "police officer may arrest an individual without a warrant if a felony has been committed and the officer has probable cause to believe that individual committed the felony[,]" *People v Kelly*, 231 Mich App 627, 631; 588 NW2d 480 (1998), but he insists that the officers who arrested him for possessing a stolen motorcycle lacked probable cause to make that arrest. "Fundamental to the search incident to arrest exception [to the Warrant Clause of the Fourth Amendment] is the requirement that there must be a lawful arrest in order to establish the authority to search." *People v Eaton*, 241 Mich App 459, 463; 617 NW2d 363 (2000). As our Supreme Court has held: "Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v Hammerlund*, 504 Mich 442, 451; 939 NW2d 129 (2019) (quotation marks and citation omitted). Significantly, circumstantial evidence, along with inferences that arise from it, is sufficient to establish probable cause. *People v Nguyen*, 305 Mich App 740, 752; 854 NW2d 223 (2014). Here, the record establishes probable cause to arrest defendant for possessing a stolen motorcycle.

Sergeant Conrad received trustworthy information from Jared Hill that the motorcycle in the driveway at 1853 Hoyt Street was likely stolen, that defendant had ridden the motorcycle into the driveway of a home that was not his, and that defendant had offered to sell the motorcycle to Hill for $200. That evidence supported an inference that defendant possessed a stolen motorcycle, which was sufficient to establish probable cause. *Nguyen*, 305 Mich App at 752. Accordingly, the warrantless arrest of defendant was permissible. Hence, the officers were not obligated to supply any additional justification for searching defendant incident to his arrest. See *Kelly*, 231 Mich App at 631. The valid search incident to arrest resulted in the discovery of the baggie with methamphetamine in defendant's pocket. Thus, the trial court would have had no basis to suppress that evidence even if defendant had challenged the warrantless arrest and the search incident to the constitutionally permissible arrest. Consequently, we conclude that defendant has not established any error at all, much less a plain error that affected his substantial rights.

Defendant claims that his trial counsel was constitutionally ineffective for failing to pursue suppression of the methamphetamine found in defendant's pants pocket. To support such a claim, defendant must demonstrate "that (1) [his] counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Defendant cannot make either one of those showings. First, a defense attorney cannot be "faulted for failing to raise an objection or motion that would have been futile." *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998). Here, a motion to suppress the methamphetamine found in defendant's pants pocket would have been futile because defendant's arrest was based on probable cause that he possessed a stolen motorcycle and the search that turned up the drug was a valid search incident to that lawful arrest. Second, pursuing suppression of the methamphetamine could not have changed the outcome of defendant's case because the search was perfectly valid as a matter of law based on the lawful arrest of defendant.

## B. MOTION TO ADJOURN

Defendant next contends that the trial court abused its discretion by denying his motion for an adjournment of trial because he received the laboratory report identifying the substance seized

from his pants pocket as methamphetamine just a few days before trial. "This Court reviews the grant or denial of an adjournment for an abuse of discretion." *People v Snider*, 239 Mich App 393, 421; 608 NW2d 502 (2000). Defendant "must show prejudice as a result of the trial court's abuse of discretion." *Id*. According to MCR 2.503(B)(1), "a request for an adjournment [of a trial] must be by motion or stipulation made in writing or orally in open court and . . . based on good cause." In deciding whether the trial court abused its discretion by denying a motion for adjournment, we may consider "whether defendant (1) asserted a constitutional right, (2) had a legitimate reason for asserting the right, (3) had been negligent, and (4) had requested previous adjournments." *People v Lawton*, 196 Mich App 341, 348; 492 NW2d 810 (1992).

Here, defendant's arrest and the seizure of the substance occurred on July 12, 2022. Officer Medina found a baggie in defendant's pocket that contained "a crystal-like substance" wrapped in plastic. Officer Medina turned over the evidence to Sergeant Conrad. Sergeant Conrad weighed the baggie at 1.09 grams before he put it in an evidence locker. On October 11, 2022, three months after the evidence was put in the locker, defendant's trial was set for October 26 and 27, 2022. On October 20, 2022, the baggie was sent to the Michigan State Police Crime Laboratory for testing. On October 21, 2022, the substance weighed 0.62 grams and tested positive for methamphetamine. On October 23, 2022, the laboratory report memorializing the test results was released.

Defendant's trial began on October 26, 2022. At the outset of trial, defense counsel moved for an adjournment, stating:

> We only received the lab from the state police on Monday, and I met with [defendant] on Monday before I had even seen the lab and he told me that—those drugs need to be independently tested. That's what he wants. And once I finally got the lab and saw that there's .06 grams of this substance that was tested by the—by the lab, I—I question whether that is an amount that could even be tested.

> We would—we would ask the Court to adjourn this to allow our office to conduct an independent test on this substance to determine whether or not it is what—what's being alleged.

The trial court ultimately denied the motion, stating:

> Now, as to the issue of the independent testing, there has been drugs involved in this case from the beginning. The Defendant knew about the drugs in the case. I mean, everybody knew about the drugs in the case. Whether they are— they are legitimate or not, any party had an opportunity to test. In this situation I am going to deny the motion for an adjournment for an independent test.

Defendant's argument focuses on the fact that the laboratory report was not released until three days before trial. But defendant did not make diligent efforts to obtain independent testing at any point during the three months when the evidence was in the locker. See MCR 2.503(C)(2). Defendant argues that the evidence was in police custody, so he was unable to request independent testing of the evidence, but he does not provide any support for that contention. Defendant had no legitimate reason to move for an adjournment on the morning of trial because he had been negligent in failing to request independent testing of the substance beforehand. See *Lawton*, 196 Mich App

at 349. The prosecutor explained at the beginning of the trial that "when we have possession cases or any drug cases we don't normally send it to the lab unless it is set for trial." Consequently, the prosecutor did not send the substance to the laboratory for testing until defendant's jury trial was scheduled in October 2022, and the laboratory report was not available until shortly before trial. Although defendant had ample opportunity to have the substance independently tested at any time between his arrest and the beginning of trial, he failed to do so.

Furthermore, defendant cannot show prejudice flowing from the denial of an adjournment. See *Snider*, 239 Mich App at 421. A controlled-substances supervisor testified that she tested the substance twice and that "both tests showed that it was methamphetamine." Defendant has offered no support for his contention that the substance would not test positive for methamphetamine if it underwent independent testing. Accordingly, the trial court did not abuse its discretion by denying defendant's motion for an adjournment of the trial. See *id*.

## C. WITHIN-GUIDELINES SENTENCE

Finally, defendant admits that he was sentenced within the applicable sentencing guidelines range of 20 to 46 months, but he describes his within-guidelines sentence as unreasonable because it is not "proportionate to the seriousness of the matter." See *People v Posey*, 512 Mich 317, 352; 1 NW3d 101 (2023). To be sure, a sentence within the applicable guidelines range is presumed to be proportionate, and defendant "bears the burden of overcoming the presumption." *Id*. at 357. In this case, defendant attempts to rebut the presumption of proportionality by urging that, in light of his ongoing struggles with substance abuse and because the Michigan Department of Corrections recommended only a year in jail for his drug offense, his 46-month minimum term of imprisonment is unreasonable and disproportionate. Thus, defendant asserts that he is entitled to resentencing.

We review a sentencing decision for an abuse of discretion. *People v Cain*, 238 Mich App 95, 130; 605 NW2d 28 (1999). An abuse of sentencing discretion occurs if the sentence imposed does not reasonably reflect the seriousness of the circumstances of the offense and the offender. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). Thus, when reviewing a prison sentence for reasonableness, we must assess whether the trial court abused its discretion by violating the "principle of proportionality" in fashioning the sentence. *Id*. Before our Supreme Court's decision in *Posey*, defendant's within-guidelines sentence would have been affirmed. But in accordance with *Posey*, a within-guidelines sentence is subject to appellate review to determine whether the sentence is unreasonable despite "a presumption of proportionality." *Posey*, 512 Mich at 359. Here, the trial court did not provide sufficient reasoning to allow us to conduct the review for reasonableness mandated by *Posey*. Consequently, despite the trial court's proper calculation of the sentencing guidelines range and its adherence to that range in selecting defendant's sentence, we must remand the case to the trial court to justify the sentence of 46 months to 20 years in prison or to conduct a resentencing hearing.

Conviction and sentencing guidelines range affirmed, but case remanded for justification of defendant's sentence or for resentencing. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates

-5-