*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

JE-RONE WELLS,

        Defendant-Appellee.

UNPUBLISHED
September 12, 2024

No. 368222
Wayne Circuit Court
LC No. 23-003176-01-FH

Before: K. F. KELLY, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

The prosecution appeals as of right an order dismissing the charges against defendant of carrying a concealed weapon (CCW), MCL 750.227, and possession of less than 25 grams of cocaine (drug possession), MCL 333.7403(2)(a)(*v*). We reverse and remand.

## I. BACKGROUND

Defendant was arrested by Detroit Police Department (DPD) officers Chadwick Hopkins, Lorenzo Palmer, and Kejuan Anderson for allegedly possessing and concealing a gun and possessing narcotics. Officers allegedly saw defendant walking in the middle of the street toward their car in violation of a city ordinance. The officers stopped their car and approached defendant. Officer Palmer asked defendant if he had a weapon on him after observing a bulge in the right pocket of defendant's pants. Defendant said he was carrying a firearm. The officers handcuffed defendant and asked if he had a concealed pistol license (CPL). Defendant denied having a CPL, which officers verified via the Law Enforcement Information Network (LEIN). Defendant was then searched and a handgun was recovered, along with suspected crack cocaine and $499 in cash. Defendant was arrested for CCW and drug possession.

Before trial, defendant moved to suppress the evidence recovered during the stop, alleging that the stop violated his Fourth Amendment rights. After an evidentiary hearing, the trial court found that the officers did not have the necessary probable cause to arrest defendant because they handcuffed him before asking him if he had a CPL and it is not illegal to carry a handgun in Detroit with a CPL. The trial court granted defendant's motion to suppress the handgun and narcotics

found by the officers after the unlawful seizure and granted defendant's motion to dismiss without prejudice. The prosecution now appeals.

## II. DISCUSSION

The prosecution argues that the trial court reversibly erred when it granted defendant's motion to suppress the evidence and then dismissed the charges against him. We agree.

## A. STANDARD OF REVIEW

"A court's factual findings at a suppression hearing are reviewed for clear error, but the application of the underlying law—the Fourth Amendment of the United States Constitution and article 1, § 11 of the Michigan Constitution—is reviewed de novo." *People v Slaughter*, 489 Mich 302, 310; 803 NW2d 171 (2011). Clear error is said to have occurred if we are left with a definite and firm conviction that a mistake was made. *People v James*, 327 Mich App 79, 90; 932 NW2d 248 (2019).

## B. ANALYSIS

Both the Michigan and Federal Constitutions guarantee the right against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. "The Fourth Amendment search and seizure protections also apply to brief investigative detentions." *People v Steele*, 292 Mich App 308, 314; 806 NW2d 753 (2011). As this Court recognized in *Steele*, "in *Terry v Ohio*, 392 US 1, 30-31; 88 S Ct 1868; 20 L Ed 2d 889 (1968), the United States Supreme Court held that the Fourth Amendment permits a police officer to make a brief investigative stop (a "*Terry* stop") and detain a person if the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Id*.

"Whether an officer has a reasonable suspicion to make such an investigatory stop is determined case by case, on the basis of an analysis of the totality of the facts and circumstances." *People v Jenkins*, 472 Mich 26, 32; 691 NW2d 759 (2005). "In determining reasonableness, the court must consider whether the facts known to the officer at the time of the stop would warrant an officer of reasonable precaution to suspect criminal activity." *Steele*, 292 Mich App at 314. "Although reasonable and articulable suspicion is a lesser showing than probable cause, it still entails something more than an inchoate or unparticularized suspicion or hunch, because an officer must have had a particularized and objective basis for the suspicion of criminal activity." *People v Pagano*, 507 Mich 26, 32; 967 NW2d 590 (2021) (quotation marks and citation omitted). "[F]actors that in isolation appear innocent may, in combination, provide a police officer with reasonable suspicion to justify an investigative stop[.]" *People v Oliver*, 464 Mich 184, 193; 627 NW2d 297 (2001). Further, "[a]n officer who makes a valid investigatory stop may perform a limited patdown search for weapons if the officer has reasonable suspicion that the individual stopped for questioning is armed and thus poses a danger to the officer." *People v Champion*, 452 Mich 92, 99; 549 NW2d 849 (1996).

In this case, the evidence shows that the police officers saw defendant walking in the middle of the street, which was a civil infraction in Detroit. This caused the officers to decide to stop defendant. But before actually completing the stop, the officers noticed a bulge in defendant's right pocket which led them to believe that defendant may have a hidden handgun. Defendant was

stopped and asked if he had a gun, and he said he did have a gun. Defendant was then patted down and placed in handcuffs. While the handcuffs were being secured, defendant was asked if he had a CPL. He said he did not. Police officers verified defendant did not have a CPL via LEIN. Once under arrest, defendant was more substantially searched and the gun and drugs were recovered.

Defendant was subjected to a constitutionally valid investigatory stop, and the use of handcuffs during that stop was not improper. "Police officers are permitted to take action in order to ensure their safety during *Terry* stops, and in some instances this can include the use of handcuffs[.]" *People v Maggit*, 319 Mich App 675, 692; 903 NW2d 868 (2017) (citations omitted). Once defendant admitted to having a gun, the officers justifiably handcuffed defendant to ensure their safety during the investigatory stop.

And the officers had reasonable suspicion sufficient to justify the investigatory stop. This Court recently considered substantially similar facts and concluded that the investigatory stop was lawful. *People v Williams*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365299); slip op at 1, 10. In *Williams*, the defendant was stopped by Detroit police officers because they noticed a bulge under the defendant's shirt. *Williams*, ___ Mich App at ___; slip op at 1. Officers stopped and patted the defendant down, finding a handgun. *Id*. The officers then asked the defendant if he had a CPL. *Id*. The defendant refused to answer and walked away. *Id*. The defendant was ultimately arrested and later filed a motion to suppress the firearm, arguing that the police did not have justification to conduct the investigatory stop. *Id*. at ___; slip op at 1-2. The trial court agreed. This Court reversed, holding that observing a bulge in a person's clothing indicative of a hidden firearm was adequate "reasonable suspicion" to justify an investigatory stop to ask for proof of a CPL. *Williams*, ___ Mich App at ___; slip op at 2, 10.

Similarly, in this case, the stop of defendant was constitutionally valid. Defendant was seen walking in the middle of the street which violated a city ordinance. On their way to address this matter with defendant, the officers noticed the bulge in defendant's pocket indicative of a concealed gun. Each observation—the violation of the city ordinance and the indication of a hidden gun—gave rise to a reasonable suspicion to justify an investigatory stop. To the extent the trial court held the police officers had to be aware of defendant's lack of a CPL to have the "reasonable suspicion" necessary to make an investigatory stop, the trial court erred. *Id*.

Further, after defendant stated that he had a gun but did not have a CPL, a fact confirmed by the officers through a LEIN search, the police officers had probable cause to arrest defendant for CCW. See *Champion*, 452 Mich at 115. And then defendant was subjected to a valid search incident to arrest at which time the handgun and drugs were recovered. See *People v Eaton*, 241 Mich App 459, 461-462; 617 NW2d 363 (2000). Accordingly, the trial court erred when it granted defendant's motion to suppress the evidence of the firearm and drugs. Because the suppression order was the reason the charges against defendant were dismissed, the order of dismissal must also be reversed.

Reversed and remanded for reinstatement of the charges against defendant and for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly